UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MARCUS PIERRE JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No: 5:14-cv-02073-MHH-SGC |
| ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

On November 8, 2017, the magistrate judge entered a report in which she recommended that the Court dismiss as unexhausted and procedurally defaulted petitioner Marcus Pierre Jackson's 28 U.S.C. § 2254 petition for writ of habeas corpus. (Doc. 17, p. 7). The magistrate judge also recommended that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing 2254 Proceedings. (Doc. 17, p. 7). The magistrate judge informed the parties of their right to file objections within 14 days. (Doc. 17, pp. 7-8). To date, no party has filed objections to the report and recommendation.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court reviews legal conclusions in a report de novo and reviews for plain error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d

776, 779 n.9 (11th Cir. 1993); *see also LoConte v. Dugger*, 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).[1]

Having reviewed the amended habeas petition (Doc. 4), the parties' submissions (Docs. 10, 10-1 through 10-11, 15, and 16), and the report and recommendation, the Court finds no misstatements of law in the report and no plain error in the magistrate judge's description of the relevant facts.[2] Therefore, the Court adopts the magistrate judge's report and accepts her recommendation.

The Court will issue a final separate order dismissing Mr. Jackson's petition as unexhausted and procedurally defaulted.

**DONE** and **ORDERED** this December 15, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[1] When a party objects to a report in which a magistrate judge recommends dismissal of the action, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §§ 636(b)(1)(B)-(C).

[2] There is a typo in the report. The report states that the Alabama Court of Criminal Appeals denied Mr. Jackson's application for rehearing on March 21, 2017. (Doc. 17, p. 2). The Alabama Court of Criminal Appeals actually overruled Mr. Jackson's request for rehearing on March 21, 2014. (Doc. 10-9).